**SHERWOOD DISTILLING CO. et al. v. PEOPLES FIRST NAT. BANK & TRUST CO.**

No. 6348.

United States Court of Appeals Fourth Circuit.

Feb. 18, 1952.

Edward D. Finley, Jr., Sumter D. Marks, Jr., New Orleans, La., for appellant.

Lansing L. Mitchell, Asst. U. S. Atty., New Orleans, La. for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

388

Wilson K. Barnes, Baltimore, Md. (William Hoffenberg, Baltimore, Md., on the brief), for appellants.

Charles F. C. Arensberg and Ella Graubart, Pittsburgh, Pa. (Richard F. Cleveland, Baltimore, Md., and Richard B. Tucker, Jr., Pittsburgh, Pa., on the brief) for appellee.

Before PARKER, Chief Judge, and DOBIE, Circuit Judge, and MOORE, District Judge.

PER CURIAM.

A petition for rehearing has been filed in this cause but, except with respect to certain minor and immaterial inaccuracies in the statement of facts in the opinion, which are corrected in the order entered herewith, it presents nothing that has not already been fully considered. The opinion sufficiently sets forth the grounds of our decision. Matters not mentioned therein were not overlooked but were thought not of sufficient importance to warrant discussion.

The petition for rehearing emphasizes the fact that the new warehouse receipts issued by the president of the Distilling Company in connection with the abortive contract to sell its entire inventory and assets all have the same date, June 14, 1949; but we see nothing in this which tends to establish bad faith on the part of plaintiff. Plaintiff knew that the Distilling Company was trying to sell its assets and understood that it was issuing its paper pending the consummation of the sale. There was nothing in the pledging of the assets in the meantime to indicate that a fraud was being perpetrated or to justify a finding of bad faith on the part of plaintiff in discounting the paper with which they were pledged. Plaintiff knew that notes were outstanding secured by pledge of receipts which were duplicated by the receipts covering the entire inventory; but the evidence is that the outstanding receipts were to be retired along with the notes which they secured. If the question involved the rights of plaintiff, as pledgee of the receipts, against holders of the original receipts, a different question would be presented. Plaintiff may have been negligent in taking a pledge of the receipts of June 14 without seeing that receipts which they duplicated were cancelled; but there is nothing in this which tends to establish bad faith on its part.

It is said that the Fidelity Philadelphia Trust Company, plaintiff's correspondent in handling the transaction with the Acceptance Corporation, must have learned that the receipts which had been duplicated were not being retired in accordance with the agreement since the Trust Company acted as the depository of the receipts; but, if so, any such knowledge was acquired after plaintiff had taken the $800,000 note and could not affect the validity of that transaction. It is said, also, that plaintiff had knowledge that Collom had the assets of the Distilling Company in his possession for purposes of effecting a sale and that authority to sell does not carry with it authority to pledge. There is nothing inconsistent, however, between the authority to sell and the authority to pledge pending the consummation of sale. In so far as plaintiff knew, the purpose of the pledge was to facilitate the sale. Certainly, there was nothing in the circumstance to warrant a finding of bad faith on the part of plaintiff in taking the $800,000 note.

As stated in our prior opinion, we think the trial judge would have been justified in directing a verdict for plaintiff; but he did not direct a verdict. He left the case to the jury under a charge which correctly stated the law and the jury have found against the defendants. They were certainly not entitled to a directed verdict; and the judge was not required to give requests to charge which unduly emphasized facts

and circumstances upon which they based their argument.

The case of Commercial Trust Co. v. Kealey, 4 Cir., 92 F.2d 397 is stressed in the petition for rehearing. That case, however, is manifestly not in point. There, the question of bad faith was submitted to a jury, which found for the defendant, and the question on appeal was whether verdict should not have been directed for the plaintiff. We affirmed the judgment on the ground that the circumstances surrounding the negotiation and purchase of the instrument were such that bad faith might be inferred and that the question was one for the determination of the jury. The question of bad faith was left to the determination of the jury in the case at bar. We know of no principle of interpretation by which the decision in Commercial Trust Company v. Kealey could be construed as calling for a reversal of the judgment of the District Court in this case.

Rehearing Denied.